**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CARISSA PICARD,　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiffs,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>CMG RX LLC, CCMGRX, LLC,　　　　　)<br>RICHARD CESARIO, JOHN COOPER,　　)<br>360 PHARMACY SERVICE, LLC,　　　　)<br>TRILOGY PHARMACY, INC.,　　　　　　)<br>FW MEDICAL SUPPLIES, LLC, and　　　)<br>WEISE PRESCRIPTION SHOP, INC.,　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　Defendants.　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　) | Case No. 4:15-CV-1349 |

## <u>MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANTS RICHARD CESARIO AND JOHN COOPER</u>

Relator Carissa Picard, on behalf of herself and the United States of America, moves the Court for an order directing the Clerk of the Court to enter Default against Defendants Richard Cesario and John Cooper and for a default judgment under Fed. R. Civ. P. 55(b)(2) as to Cesario and Cooper, jointly and severally, in the amount of $199,803,929.12. The undersigned counsel completed a pre-motion conferral by telephone with counsel for the United States, Assistant U.S. Attorney Jill Venezia and Department of Justice Attorney Nathan Green, on June 6, 2023.[1] The

---

[1] Declaration of Brendan Little in Support of Motion for Default Judgment against Defendants Cesario and Cooper ("Little Decl.") ¶ 2.

1

government indicated it does not intend to oppose the Motion but reserved the right to file a response if warranted.

## I.     BACKGROUND

### A.     Procedural History of this False Claims Act *Qui Tam* Action

This False Claims Act case was filed on May 19, 2015 by Relator Picard under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). (Doc. 1). The Complaint set forth in detail Defendants' fraudulent scheme to pay and receive kickbacks to induce claims for compounding pharmacy prescriptions that were submitted to the federal health care program, TRICARE.[2] The government has requested and received multiple extensions of the seal and deadline to intervene for good cause under 31 U.S.C. § 3730(b)(3). On November 12, 2020, the Court granted the government's motion to unseal this matter. (Doc. 46). The government filed a notice of election to decline to intervene in this matter on September 12, 2022. (Doc. 63).

Relator Picard filed a Motion to Determine Award Eligibility as to criminal forfeiture recoveries in a parallel criminal action on August 12, 2022, which the Court denied as premature at a hearing on February 16, 2023. (Doc. 58). The Summons and Amended Complaint were served on Defendant Cesario on March 24, 2023 and on Defendant Cooper on March 21, 2023. (Doc. 71 and 72). On April 13, 2023, Defendant Cooper, who is incarcerated, wrote to the Court and Plaintiff's counsel requesting another copy of the Complaint be mailed to him at 2918 Poteet Dr., Mesquite, TX 75150. (Doc. 73, 74). Plaintiff's counsel mailed a copy of the Amended Complaint

---

[2]  Additional details of Defendants' scheme can be found in the Fifth Circuit's opinion in the parallel Criminal Proceeding, *United States v. Cooper*, 38 F.4th 428 (5th Cir. 2022).

to Defendant Cooper as requested by certified mail, return receipt requested.[3] Plaintiff's counsel has further received an email from Defendant Cesario.[4] Both Defendants Cooper and Cesario have received service and actual notice of the Summons and Complaint in this matter.

On May 4, 2023, Relator Picard filed Requests for Entry of Default as to Defendants Cooper and Cesario. (Doc. 74, 76). The Requests were served upon Defendants Cooper and Cesario by certified mail, return receipts requested.[5] Neither Defendant has filed an answer or other responsive pleading in this matter and the time for doing so has passed.[6] Fed. R. Civ. P. 4(a)(1)(A) (providing 21 days to answer or otherwise respond).

### B.    The Parallel Criminal Proceeding

On February 17, 2016, the United States filed an indictment in the United States District Court for the Northern District of Texas against Defendants Cesario and Cooper. *U.S. v Cesario, et al.*, No. 16-CR-60 (N.D. Tex.).[7] The allegations set forth in the Indictment closely tracked the Complaint here, focusing on Defendants Cesario and Cooper's creation and use of CMG Rx to pay illegal kickbacks from compounding pharmacies to marketers, doctors, and patients.[8] In addition to the civil and criminal complaints both naming CMG Rx's principals, Cooper and Cesario, as defendants, the pharmacies identified in the Indictment, paragraph 34, as paying improper renumeration to Cooper and Cesario are also named as Defendants in Picard's complaint (360

---

[3] Little Decl. ¶4.
[4] Little Decl. ¶3.
[5] Little Decl. ¶5.
[6] Little Decl. ¶6.
[7] Little Decl., **Ex. 1**, Criminal Indictment in *U.S. v Cooper, et al.*, No. 16-CR-60 (N.D. Tex.).
[8] *Id.*; see Table 1, *infra*.

Pharmacy; FW Medical Supplies (doing business as "Dandy Pharmacy"), and Trilogy Pharmacy).[9]

The following chart cross references the substantially identical allegations contained in the Indictment and Picard's Complaint:

**Table 1 – Alleged Kickback Schemes**

| Alleged Misconduct | Picard's Complaint[10] | Indictment[11] |
|---|---|---|
| CMG Rx's improper receipt of payments from compounding pharmacies disguised as employee wages | Paragraphs 39-47 | Paragraphs 31, 35 |
| Illegal compensation paid by CMG Rx to prescribing physicians | Paragraphs 48-50 | Paragraphs 29-30 |
| Illegal compensation paid to TRICARE beneficiaries through the sham clinical study called "Patient Safety Initiative" | Paragraphs 51-60 | Paragraphs 23-28 |

On October 4, 2016, the government filed a superseding indictment.[12]  Like the February 17, 2016 Indictment, the Superseding Indictment focused on CMG Rx's receipt and payment of illegal kickbacks to induce compounding pharmacy claims submitted to TRICARE. [13]  The Superseding Indictment named the individual owners of the three compounding pharmacies identified in Relator's Complaint (360 Pharmacy, Trilogy Pharmacy, and FW Medical Supplies),

---

[9]  *Id.*
[10]  Doc. 1, Relators' Original Complaint. The Amended Complaint contains the same substantive allegations but identifies Relator Picard by name in lieu of the pseudonym "J.Doe1."
[11]  Little Decl., **Ex. 1**, Original Indictment in U.S. v. Cooper, et al.
[12]  Little Decl., **Ex. 2**, Superseding Indictment in U.S. v. Cooper, et al.
[13]  Little Decl., **Ex. 2**, Superseding Indictment in U.S. v. Cooper, et al.

while also confirming that these three pharmacies accounted for the vast majority of the improper claims for compounded drugs billed to TRICARE.[14]

### C.      Damages and the Government's Recoveries in the Criminal Proceeding

In the parallel criminal proceeding, Defendants Cesario and Cooper were convicted for the same fraudulent scheme set forth in Relator's Complaint. Defendant Cesario pleaded guilty Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1347, 1349) and Receipt of Illegal Kickbacks (42 U.S.C. § 1320a-7b(b)(1)). He was ordered to serve 120 months and to pay $70,417,883.64 in restitution to the United States Defense Health Agency, also known as TRICARE.[15]  Defendant Cooper was convicted by jury trial of the same offenses.[16]  Cooper was ordered to serve 144 months in prison and to pay $68,327,437.04 in restitution to the Defense Health Agency. *Id*. The restitution for Cooper and Cesario was based on total losses to TRICARE and ordered to be joint and several among defendants Cooper and Cesario. The discrepancy in the restitution amounts is because Cooper was acquitted of claims related to Alpha Pharmacy as set forth in a supplemental memorandum filed by the United States in the criminal proceeding.[17]

---

[14]  Little Decl., **Ex. 2**, Superseding Indictment in U.S. v. Cooper, et al., at ¶ 15-18. Relator's Complaint did not identify Alpha Pharmacy or allege any false claims submitted by this criminal defendant in connection with CMG Rx's scheme. *Id.* at ¶19.

[15]  Little Decl., **Ex. 3**, Cesario Criminal Judgment.

[16]  Little Decl., **Ex. 4**, Cooper Amended Criminal Judgment. Upheld on appeal, *United States v. Cooper*, 38 F.4th 428 (5th Cir. 2022).

[17]  See Memorandum by the United States as to Restitution Amount for Defendant Cooper, Little Decl., **Ex. 5**; Superseding Indictment, Little Decl., **Ex. 4** at 17 (discussing Alpha Pharmacy allegations).

Because the Amended Complaint does not include claims related to Alpha Pharmacy, the correct measure of loss for the misconduct alleged here is $68,327,437.04 for both Cooper and Cesario.[18]

In connection with the Criminal Proceeding, the United States has recovered Forfeiture Proceeds from Defendants Cooper and Cesario of approximately $4.3 million from seized bank and investment accounts alone, as summarized in Table 2:

**Table 2 – Estimated Forfeiture Recoveries (Liquidated Only)**

| Docket No.[19] | Entry Date | Defendant | Document Description | Est. Liquidated Amount | Forfeiture Status[20] |
|---|---|---|---|---|---|
| 1505 | 12/16/2022 | Cooper, John | Amended Final Judgment | $2,539,347 | Final, Doc. 1444 |
| 1400 | 5/17/2021 | Cesario, Richard | Final Judgment | $1,761,754 | Final, Doc. 1477 |
| | | | **TOTAL** | **$4,301,101** | |

In addition to the liquid assets identified above, on June 13, 2022, the United States filed receipts in the Criminal Proceeding that identified an additional $877,281 in forfeiture proceedings from the sale of two properties seized from Cesario, which had been deposited in the Asset Forfeiture Fund administered by the Department of Justice.[21]  The total forfeitures from Defendants Cooper and Cesario, excluding unliquidated real and personal property, are $5,178,382. Accordingly, because Defendants are entitled to an offset for restitution actually paid (the criminal forfeiture

---

[18]  *Id*.

[19]  Referencing the trial docket in *U.S. v Cesario, et al.*, No. 16-CR-60 (N.D. Tex.); *see also* Little Decl., **Ex. 3**, Cesario Judgment, Little Decl., **Ex. 4**, Cooper Amended Judgment. Upheld on appeal, *United States v. Cooper*, 38 F.4th 428 (5th Cir. 2022).

[20]  Referencing the trial docket in *U.S. v Cesario, et al.*, No. 16-CR-60 (N.D. Tex.).

[21]  Little Decl., **Ex. 6**, Real Property Sale Receipts filed in *U.S. v. Cooper, et al.*

amounts), the damages amount against Cooper and Cesario is $199,803,929.12.[22] Relator does

not seek to add statutory per-claim penalties available under the False Claims Act, 31 U.S.C.

3729(a)(1).

## II.   ISSUES PRESENTED

1.   Is Relator Picard entitled to default judgment against Defendants Cesario and Cooper under Fed. R. Civ. P. 55?

2.   What is the amount of default judgment to be entered under Fed. R. Civ. P. 55 and 31 U.S.C. § 3731(e)?

## III.   AUTHORITY AND ARGUMENT

### A.   Default Judgment Legal Standard

The Fifth Circuit favors resolving cases on their merits and generally disfavors default

judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). Civil

Rule 55, however, provides the Court with discretion to enter default judgment when a party has

failed to plead or otherwise defend. Fed. R. Civ. P. 55. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893

(5th Cir. 1998) ("[A] district court has the discretion to decline to enter a default judgment.")

Where a defendant has failed to answer, the Fifth Circuit applies a three-step analysis for

entry of default judgment: (1) after service, the defendant failed to plead of otherwise timely

respond; (2) the Clerk entered default, which is mandatory under Fed. R. Civ. P. 55(a) upon the

filing of a request and affidavit; and (3) the plaintiff has proven entitlement to a default judgment

under Rule 55(b)(1) (by the Clerk) or Rule 55(b)(2) (by the Court). *New York Life Ins. Co. v.*

---

[22] Restitution amount of $68,327,437.04, trebled ($204,982,311.12), minus $5,178,382, equals $199,803,929.12.

*Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

The Fifth Circuit looks to the following six factors when considering whether to enter a default judgment: (i) if the default was caused by a good faith mistake or excusable neglect; (ii) if there has been substantial prejudice; (iii) the harshness of a default judgment; (iv) if there are material issues of fact; (v) if grounds for a default judgment are clearly established; and (vi) if the court would think itself obligated to set aside the default on the defendant's motion. *Lindsey*, 161 F.3d at 893. A recent North District of Texas decision involving virtually the identical issues is instructive in its application of these factors. *United States ex rel. Eastlick v. Reddy*, No. 3:19-CV-00245-E, 2023 WL 1110313, at *2 (N.D. Tex. Jan. 30, 2023).

### B.    Liability and Damages under the False Claims Act

The *qui tam* provisions of the False Claims Act, 31 U.S.C. §3730(b), allow a private person or "relator" to file suit on behalf of the United States for violations of 31 U.S.C. §3729(a). *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). If the Government elects not to proceed with the action, as has occurred here, "the person who initiated the action shall have the right to conduct the action." 31 U.S.C. § 3730(c)(3).

A defendant who has committed or conspired to commit fraud against a federal healthcare program, like TRICARE, is liable to the liable to the United States Government for "3 times the amount of damages which the Government sustains because of the act of that person" plus a civil penalty of not less than $5,000 and not more than $10,000" per violation. 31 U.S.C. § 3729(a)(1). In addition, "a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements . . . shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and

which is brought under subsection (a) or (b) of section 3730." 31 U.S.C. § 3731(e). Where False Claims Act defendants have been specifically ordered to pay restitution to the federal agency that was defrauded in the parallel criminal proceeding, multiple courts have found the restitution amount to be dispositive of the amount of damage sustained by the government. *United States ex rel. Eastlick v. Reddy*, No. 3:19-CV-00245-E, 2023 WL 1110313, at \*8 (N.D. Tex. Jan. 30, 2023) (citing *United States ex rel. Bachman v. Healthcare Liaison Pros., Inc.*, 395 F. Supp. 3d 785, 789 (N.D. Tex. 2019) (collecting cases).

### C.   The United States is entitled to Default Judgments against Cooper and Cesario.

The elements for default judgment set forth in *New York Life Ins. Co. v. Brown* are met. 84 F.3d at 141. First, Cooper and Cesario were served in accordance with Fed. R. Civ. P. 4(e). Cesario was personally served with a copy of the Summons and Amended Complaint. (Doc. 71). Fed. R. Civ. P. 4(e)(2)(A). Cooper, an inmate at Texarkana federal prison, was served by delivering the same documents to the officer designated to accept service at the prison in accordance with Fed. R. Civ. P. 4(e)(2)(B) and Texas Civ. Prac. & Rem. § 17.029 (providing service on prison office designated for service of process). Furthermore, copies of the Summons and Complaint were mailed to Defendant Cooper in accordance with Texas Rule of Civil Procedure 106(a)(2). Second, Relator is entitled to entries of default, filed the Requests on May 2, 2023, with copies to Defendants Cooper and Cesario by certified mail, return receipt requested. To the extent the Clerk has not entered default yet, the Court should order it to do so.

Relator is entitled to a Court's order of default judgment based on the six-part test articulated by *Lindsey*, 161 F.3d at 893. First, both Defendants have received actual notice of this

9

action. Cooper sent a letter to the Court and counsel, requesting an additional copy of the Complaint, which Relator's counsel immediately sent. Cesario sent an email communication to Relator's counsel, confirming his receipt of the Summons and Complaint. Second, there is no substantial prejudice because Defendants are liable as a matter of law based on the *res judicata* provision of the False Claims Act, 31 U.S.C. § 3731(e). Third, Relator seeks "only the relief the law provides, which 'mitigat[es] the harshness of a default judgment.'" *Reddy*, No. 3:19-CV-00245-E, 2023 WL 1110313, at *4 (internal citation omitted). Next, there are no issues of material fact and the grounds for judgment are clearly established, as the criminal judgments are dispositive as liability and damages. Last, there is no basis of which the undersigned is aware that would obligate the Court to set aside default upon the Defendants' motion.

## IV.    CONCLUSION

For these reasons, Relator on behalf of the United States, requests an order of directing the Clerk to enter the default of Defendants Cesario and Cooper and to enter default judgment for the United States in the amount of $199,803,929.12 against Defendants Cesario and Cooper, jointly and severally.

/

/

/

/

/

/

10

Respectfully submitted this 25th day of July 2023.


BERGMAN OSLUND UDO LITTLE PLLC

By     */s/ Brendan E. Little*

Brendan E. Little (admitted *pro hac vice*)
520 Pike Street, Suite 1125
Seattle, WA 98101
Phone: (206) 957-9510
Email: brendan@bergmanlegal.com
        service@bergmanlegal.com


Mitch Kreindler
Kreindler & Associates
712 Main St, Ste. 800
Houston, Texas 77002
Phone: 713.647.8888
Email: mkreindler@ blowthewhistle.com

Counsel for Relator

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused to be served a true and correct copy of the

foregoing document this same date by filing it with the Court's Electronic Case Filing (ECF)

system and by mailing, Certified U.S. Mail, Return Receipt Requested, to the following recipients:

Richard R. Cesario
2625 Empire Dr., Apt. 3116
Richardson, TX 75080

John Paul Cooper, No. 53895177
c/o Texarkana Federal Correctional Facility
PO Box 7000
Texarkana, TX 75505

John Paul Cooper
2918 Poteet Drive
Mesquite, TX 75150

Dated this 25th day of July 2023.

/s/Brendan Little
Brendan E. Little
Counsel for Relator