IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CARISSA PICARD,  Plaintiffs,  v.  CMG RX LLC, CCMGRX, LLC, RICHARD CESARIO, JOHN COOPER, 360 PHARMACY SERVICE, LLC, TRILOGY PHARMACY, INC., FW MEDICAL SUPPLIES, LLC, and WEISE PRESCRIPTION SHOP, INC.,  Defendants. | Case No. 4:15-CV-1349 |

**RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT RICHARD CESARIO**

Relator Carissa Picard, on behalf of herself and the United States of America, moves the Court for an order entering default judgment under Fed. R. Civ. P. 55(b)(2) against Defendant Richard Cesario in the amount of $199,803,929. The United States has declined to intervene in this False Claims Act *qui tam* matter and no other party has appeared in this matter. The government has previously indicated during conferral that it does not oppose the entry of default judgment against Mr. Cesario but reserves the right to file a response if warranted.

1

## I. BACKGROUND

### A. Procedural History of this False Claims Act *Qui Tam* Action

This False Claims Act case was filed on May 19, 2015 by Relator Picard under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). (Doc. 1). The Complaint set forth in detail Defendants' fraudulent scheme to pay and receive kickbacks to induce claims for compounding pharmacy prescriptions that were submitted to the federal health care program, TRICARE.[1] The government has requested and received multiple extensions of the seal and deadline to intervene for good cause under 31 U.S.C. § 3730(b)(3). On November 12, 2020, the Court granted the government's motion to unseal this matter. (Doc. 46). The government filed a notice of election to decline to intervene in this matter on September 12, 2022. (Doc. 63).

Relator Picard filed a Motion to Determine Award Eligibility as to criminal forfeiture recoveries in a parallel criminal action on August 12, 2022, which the Court denied as premature at a hearing on February 16, 2023. (Doc. 58). The Summons and Amended Complaint were served on Defendant Cesario on March 24, 2023. (Doc. 72). On March 30, 2023, Plaintiff's counsel received an email from Defendant Cesario confirming that he had received the summons and complaint.[2]

On May 4, 2023, Relator Picard filed her first Request for Entry of Default as to Defendant Cesario. (Doc. 75). Relator Picard filed a Motion for Entry of Default and Default Judgment on

---

[1] Additional details of Defendants' scheme can be found in the Fifth Circuit's opinion in the parallel Criminal Proceeding, *United States v. Cooper*, 38 F.4th 428 (5th Cir. 2022).
[2] Declaration of Brendan Little in Support of Relator Picard's Renewed Motion for Default Judgment Against Defendant Richard Cesario ("Little Decl."), ¶3.

July 15, 2023, which the Court denied without prejudice. (Docs. 77, 79). After several attempts to locate and serve Defendant Cesario, Relator Picard personally served Defendant Cesario, again, with the Summons, Complaint, Amended Complaint, First Request for Default, Motion for Default Judgment and a Second Request for Entry of Default on March 4, 2024. (Doc. 80-3). Realtor Picard filed her Second Request for Entry of Default against Defendant Cesario on April 5, 2024. (Doc. 80). The Court entered default against Defendant Cesario on April 5, 2024. (Doc. 81). Defendant Cesario has not appeared, answered, or filed a responsive pleading in this matter and the time for doing so has passed.

### B.  The Parallel Criminal Proceeding

On February 17, 2016, the United States filed an indictment in the United States District Court for the Northern District of Texas against Defendants Cesario and Cooper. *U.S. v Cesario, et al.*, No. 16-CR-60 (N.D. Tex.).[3] The allegations set forth in the Indictment closely tracked the Complaint here, focusing on Defendants Cesario and Cooper's creation and use of CMG Rx to pay illegal kickbacks from compounding pharmacies to marketers, doctors, and patients.[4] In addition to the civil and criminal complaints both naming CMG Rx's principals, Cooper and Cesario, as defendants, the pharmacies identified in the Indictment, paragraph 34, as paying improper renumeration to Cooper and Cesario are also named as Defendants in Picard's complaint (360 Pharmacy; FW Medical Supplies (doing business as "Dandy Pharmacy"), and Trilogy Pharmacy).[5]

---

[3]  Little Decl., **Ex. 1**, Criminal Indictment in *U.S. v Cooper, et al.*, No. 16-CR-60 (N.D. Tex.).
[4]  *Id.*; see Table 1, *infra*.
[5]  *Id.*

3

The following chart cross references the substantially identical allegations contained in the Indictment and Picard's Complaint:

**Table 1 – Alleged Kickback Schemes**

| Alleged Misconduct | Picard's Complaint[6] | Indictment[7] |
|---|---|---|
| CMG Rx's improper receipt of payments from compounding pharmacies disguised as employee wages | Paragraphs 39-47 | Paragraphs 31, 35 |
| Illegal compensation paid by CMG Rx to prescribing physicians | Paragraphs 48-50 | Paragraphs 29-30 |
| Illegal compensation paid to TRICARE beneficiaries through the sham clinical study called "Patient Safety Initiative" | Paragraphs 51-60 | Paragraphs 23-28 |

On October 4, 2016, the government filed a superseding indictment.[8] Like the February 17, 2016 Indictment, the Superseding Indictment focused on CMG Rx's receipt and payment of illegal kickbacks to induce compounding pharmacy claims submitted to TRICARE.[9] The Superseding Indictment named the individual owners of the three compounding pharmacies identified in Relator's Complaint (360 Pharmacy, Trilogy Pharmacy, and FW Medical Supplies),

---

[6] Doc. 1, Relators' Original Complaint. The Amended Complaint contains the same substantive allegations but identifies Relator Picard by name in lieu of the pseudonym "J.Doe1."
[7] Little Decl., **Ex. 1**, Original Indictment in U.S. v. Cooper, et al.
[8] Little Decl., **Ex. 2**, Superseding Indictment in U.S. v. Cooper, et al.
[9] Little Decl., **Ex. 2**, Superseding Indictment in U.S. v. Cooper, et al.

while also confirming that these three pharmacies accounted for the vast majority of the improper claims for compounded drugs billed to TRICARE.[10]

### C. Damages and the Government's Recoveries in the Criminal Proceeding

In the parallel criminal proceeding, Defendant Cesario was convicted for the same fraudulent scheme set forth in Relator's Complaint. Defendant Cesario pleaded guilty Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1347, 1349) and Receipt of Illegal Kickbacks (42 U.S.C. § 1320a-7b(b)(1)). He was ordered to serve 120 months and to pay $70,417,883.64 in restitution to the United States Defense Health Agency, also known as TRICARE.[11] The restitution Cesario was ordered to pay was based on total losses to TRICARE and ordered to be joint and several among defendants Cesario, Cooper, and their co-defendants. The restitution amount includes false claims submitted through Alpha Pharmacy, explained in a supplemental memorandum filed by the United States in the criminal proceeding.[12] Because Relator's Complaint does not include claims related to Alpha Pharmacy, the correct measure of loss for the misconduct alleged here is $68,327,437.04 for both Cooper and Cesario, joint and several.[13]

---

[10] Little Decl., **Ex. 2**, Superseding Indictment in U.S. v. Cooper, et al., at ¶ 15-18. Relator's Complaint did not identify Alpha Pharmacy or allege any false claims submitted by this criminal defendant in connection with CMG Rx's scheme. *Id.* at ¶19.
[11] Little Decl., **Ex. 3**, Cesario Criminal Judgment.
[12] See Memorandum by the United States as to Restitution Amount for Defendant Cooper, Little Decl., **Ex. 5**; Superseding Indictment, Little Decl., **Ex. 4** at 17 (discussing Alpha Pharmacy allegations).
[13] *Id.*

In connection with the Criminal Proceeding, the United States has recovered Forfeiture Proceeds from Defendants Cooper and Cesario of approximately $4.3 million from seized bank and investment accounts alone, as summarized in Table 2:

**Table 2 – Estimated Forfeiture Recoveries (Liquidated Only)**

| Docket No.[14] | Entry Date | Defendant | Document Description | Est. Liquidated Amount | Forfeiture Status[15] |
|---|---|---|---|---|---|
| 1505 | 12/16/2022 | Cooper, John | Amended Final Judgment | $2,539,347 | Final, Doc. 1444 |
| 1400 | 5/17/2021 | Cesario, Richard | Final Judgment | $1,761,754 | Final, Doc. 1477 |
| | | | **TOTAL** | **$4,301,101** | |

In addition to the liquid assets identified above, on June 13, 2022, the United States filed receipts in the Criminal Proceeding that identified an additional $877,281 in forfeiture proceedings from the sale of two properties seized from Cesario, which had been deposited in the Asset Forfeiture Fund administered by the Department of Justice.[16]  The total forfeitures from Defendants Cooper and Cesario, excluding unliquidated real and personal property, are $5,178,382. Accordingly, because Defendants are entitled to an offset for restitution actually paid (the criminal forfeiture amounts), the damages amount against Cooper and Cesario to which the United States is entitled under the False Claims Act, 31 U.S.C. § 3729(a)(1), is $199,803,929.12.[17]  Relator does not seek

---

[14] Referencing the trial docket in *U.S. v Cesario, et al.*, No. 16-CR-60 (N.D. Tex.); *see also* Little Decl., **Ex. 3**, Cesario Judgment, Little Decl., **Ex. 4**, Cooper Amended Judgment. Upheld on appeal, *United States v. Cooper*, 38 F.4th 428 (5th Cir. 2022).
[15] Referencing the trial docket in *U.S. v Cesario, et al.*, No. 16-CR-60 (N.D. Tex.).
[16] Little Decl., **Ex. 6**, Real Property Sale Receipts filed in *U.S. v. Cooper, et al.*
[17] Restitution amount of $68,327,437.04, trebled ($204,982,311.12), minus $5,178,382, equals $199,803,929.12 in remaining liability, joint and several as to Defendants Cesario and Cooper.

to add statutory per-claim penalties available under the False Claims Act, 31 U.S.C. 3729(a)(1).

## II.     ISSUES PRESENTED

1.  Is Relator Picard entitled to default judgment against Defendants Cesario and Cooper under Fed. R. Civ. P. 55?

2.  What is the amount of default judgment to be entered under Fed. R. Civ. P. 55 and 31 U.S.C. § 3731(e)?

## III.    AUTHORITY AND ARGUMENT

### A.    Default Judgment Legal Standard

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co*., 167 F.3d 933, 936 (5th Cir. 1999). Civil Rule 55, however, provides the Court with discretion to enter default judgment when a party has failed to plead or otherwise defend. Fed. R. Civ. P. 55. *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998) ("[A] district court has the discretion to decline to enter a default judgment.")

Where a defendant has failed to answer, the Fifth Circuit applies a three-step analysis for entry of default judgment: (1) after service, the defendant failed to plead of otherwise timely respond; (2) the Clerk entered default, which is mandatory under Fed. R. Civ. P. 55(a) upon the filing of a request and affidavit; and (3) the plaintiff has proven entitlement to a default judgment under Rule 55(b)(1) (by the Clerk) or Rule 55(b)(2) (by the Court). *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

The Fifth Circuit looks to the following six factors when considering whether to enter a default judgment: (i) if the default was caused by a good faith mistake or excusable neglect; (ii)

7

if there has been substantial prejudice; (iii) the harshness of a default judgment; (iv) if there are material issues of fact; (v) if grounds for a default judgment are clearly established; and (vi) if the court would think itself obligated to set aside the default on the defendant's motion. *Lindsey*, 161 F.3d at 893. A recent North District of Texas decision involving virtually the identical issues is instructive in its application of these factors. *United States ex rel. Eastlick v. Reddy*, No. 3:19-CV-00245-E, 2023 WL 1110313, at *2 (N.D. Tex. Jan. 30, 2023).

### B. Liability and Damages under the False Claims Act

The *qui tam* provisions of the False Claims Act, 31 U.S.C. §3730(b), allow a private person or "relator" to file suit on behalf of the United States for violations of 31 U.S.C. §3729(a). *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). If the Government elects not to proceed with the action, as has occurred here, "the person who initiated the action shall have the right to conduct the action." 31 U.S.C. § 3730(c)(3).

A defendant who has committed or conspired to commit fraud against a federal healthcare program, like TRICARE, is liable to the liable to the United States Government for "3 times the amount of damages which the Government sustains because of the act of that person" plus a civil penalty of not less than $5,000 and not more than $10,000" per violation. 31 U.S.C. § 3729(a)(1). In addition, "a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements . . . shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730." 31 U.S.C. § 3731(e). Where False Claims Act defendants have been specifically ordered to pay restitution to the federal agency that was defrauded in the parallel criminal proceeding, multiple courts have found the restitution

amount to be dispositive of the amount of damage sustained by the government. *United States ex rel. Eastlick v. Reddy*, No. 3:19-CV-00245-E, 2023 WL 1110313, at *8 (N.D. Tex. Jan. 30, 2023) (citing *United States ex rel. Bachman v. Healthcare Liaison Pros., Inc.*, 395 F. Supp. 3d 785, 789 (N.D. Tex. 2019) (collecting cases).

### C. The United States is entitled to Default Judgments against Defendant Cesario.

The elements for default judgment set forth in *New York Life Ins. Co. v. Brown* are met. 84 F.3d at 141. First, Cesario was served twice in accordance with Fed. R. Civ. P. 4(e). Cesario was personally served with a copy of the Summons and Amended Complaint on March 24, 2023. (Doc. 72). Fed. R. Civ. P. 4(e)(2)(A). After relocating Mr. Cesario at his new residence, Mr. Cesario was again personally served with the Summons and Amended Complaint, along with copies of the Second Request for Entry of Default, Complaint, and Motion for Entry of Default Judgment on March 4, 2024. (Doc. 80-3). The Clerk's Entry of Default was entered against Cesario on April 5, 2024. (Doc. 81).

Relator is entitled to a Court's order of default judgment based on the six-part test articulated by *Lindsey*, 161 F.3d at 893. First, Defendant Cesario has received actual notice of this action and Relator's requests for Entry of Default and for Default Judgment. (Doc. 80-3). Second, there is no substantial prejudice because Defendant Cesario is liable as a matter of law based on the *res judicata* provision of the False Claims Act, 31 U.S.C. § 3731(e) based upon the final criminal judgment entered against him.[18] Third, Relator seeks "only the relief the law

---

[18] Little Decl., **Ex. 3**, Cesario Judgment.

provides, which 'mitigat[es] the harshness of a default judgment.'" *Reddy*, No. 3:19-CV-00245-E, 2023 WL 1110313, at *4 (internal citation omitted). This amount of judgment is readily ascertainable because the total amount of the false claims submitted to TRICARE is established, *res judicata*, as the amount of restitution Cesario was ordered to pay back to TRICARE ($68,327,437), subject to mandatory trebling required under the False Claims Act (204,982,311). 31 U.S.C. § 3729(a)(1). Because both the restitution amount and damages under the False Claims Act are joint and several amongst co-defendants, Cesario is entitled to offset in this matter for the amounts collected by the United States through criminal forfeiture proceedings ($5,178,382). Next, there are no issues of material fact and the grounds for judgment are clearly established, as the criminal judgments are dispositive as liability and damages. Last, there is no basis of which the undersigned is aware that would obligate the Court to set aside default upon the Defendants' motion.

## IV.    CONCLUSION

For these reasons, Relator on behalf of the United States of America, requests an order of Default Judgment against Defendant Richard Cesario in favor of the United States of America in the amount of $199,803,929, jointly and severally.

/

/

/

/

/

Respectfully submitted this 12th day of April 12, 2023.


                BERGMAN OSLUND UDO LITTLE PLLC

By   */s/ Brendan E. Little*
      Brendan E. Little (admitted *pro hac vice*)
      520 Pike Street, Suite 1125
      Seattle, WA 98101
      Phone: (206) 957-9510
      Email: brendan@bergmanlegal.com
             service@bergmanlegal.com


Mitch Kreindler
Kreindler & Associates
712 Main St, Ste. 800
Houston, Texas 77002
Phone: 713.647.8888
Email: mkreindler@ blowthewhistle.com

Counsel for Relator

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused to be served a true and correct copy of the foregoing document this same date by filing it with the Court's Electronic Case Filing (ECF) system, by email (Cesario only), and by mailing, Certified U.S. Mail, (anticipated pick-up on April 15, 2024) to the following recipients:

Richard R. Cesario
920 East Park Boulevard, Suite 230
Plano, Texas 75074
Email: rcesario71@gmail.com

John Cooper
7525 Holly Hill Dr, #19
Dallas, TX 75231


Dated this 12th day of April 2024.

                                                /s/Brendan Little
                                                Brendan E. Little
                                                Counsel for Relator