IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* CARISSA PICARD,<br><br>    Plaintiffs,<br><br>    v.<br><br>CMG RX LLC, CCMGRX, LLC, RICHARD CESARIO, JOHN COOPER, 360 PHARMACY SERVICE, LLC, TRILOGY PHARMACY, INC., FW MEDICAL SUPPLIES, LLC, and WEISE PRESCRIPTION SHOP, INC.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:15-CV-1349 |

## RENEWED SECOND MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANTS RICHARD CESARIO AND JOHN COOPER

Relator Carissa Picard ("Relator"), on behalf of herself and the United States of America, moves the Court for a default judgment under Fed. R. Civ. P. 55(b)(2) as to Cesario and Cooper, jointly and severally, in the amount of $204,982,311.12.[1] The previous motions for default judgment were denied as premature because not all defendants had been defaulted or dismissed. (Doc. 77, 83, 93). The Clerk of Court has now entered default against both Defendants Cesario and Cooper. (Doc. 81, 88). The remaining defendants have been concurrently dismissed under Fed.

---

[1] This figure represents the restitution damages awarded to the Defense Health Agency (also known as TRICARE) against these defendants in the amount of $68,327,437.04, trebled under the False Claims Act.

1

R. Civ. P. 41(a)(1)(i). The United States consented to dismissal, and the Court dismissed, Relator's claims against Defendants CMG RX LLC, CCMGRX LLC, 360 Pharmacy Service, LLC, Trilogy Pharmacy, Inc., FW Medical Supplies, LLC, and Weise Prescription Shop, Inc. on October 31, 2024. (Docs. 94 and 95). Finally, Relator moves the Court for an order allowing service of this Motion and Supporting Declaration by U.S. Mail and by Electronic Mail to the last known addresses and emails provided by Defendants Cesario and Cooper pursuant to Fed. R. Civ. P. 5(a)(2) and 5(b)(C)-(D).

## I.   BACKGROUND

### A.   Procedural History of this False Claims Act *Qui Tam* Action

This False Claims Act case was filed on May 19, 2015 by Relator Picard under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). (Doc. 1). The Complaint set forth in detail Defendants' fraudulent scheme to pay and receive kickbacks to induce claims for compounding pharmacy prescriptions that were submitted to the federal health care program, TRICARE.[2] The government has requested and received multiple extensions of the seal and deadline to intervene for good cause under 31 U.S.C. § 3730(b)(3). On November 12, 2020, the Court granted the government's motion to unseal this matter. (Doc. 46). The government filed a notice of election to decline to intervene in this matter on September 12, 2022. (Doc. 63).

Relator Picard filed a Motion to Determine Award Eligibility as to criminal forfeiture recoveries in a parallel criminal action on August 12, 2022, which the Court denied as premature

---

[2] Additional details of Defendants' scheme can be found in the Fifth Circuit's opinion in the parallel Criminal Proceeding, *United States v. Cooper*, 38 F.4th 428 (5th Cir. 2022).

at a hearing on February 16, 2023 because judgment had not been entered. (Doc. 58). The Clerk of Court entered default against Defendant Cesario on April 5, 2024. (Doc. 81). The Clerk of Court entered default against Defendant Cooper on May 31, 2024. (Doc. 88). Neither Defendant Cooper nor Defendant Cesario has answered or filed a responsive pleading in this matter and the time for doing so has passed. All other defendants aside from Cooper and Cesario were dismissed on October 31, 2024. (Doc. 95).

On April 12, 2024, Relator moved the Court for a default judgment against Defendant Cesario only, as Defendant Cooper had not yet had default entered against him. (Doc. 83). At a hearing on May 7, 2024, the Court denied the Motion under the rule set forth in *Frow v. De La Vega* permitting default judgment to be entered jointly and severally only after all defendants have defaulted or been dismissed. 82 U.S. 552, 554, 21 L. Ed. 60 (1872). The Court also questioned whether LR 5.5 requires a return receipt be submitted to prove service of a motion for default upon a defendant. The Court of Clerk has now entered default against Defendant Cooper and an Order dismissing all other remaining defendants, who are corporate entities that have been dissolved or defunct for many years. (Doc. 95).

### B.     The Parallel Criminal Proceeding

After seeking several extensions of the seal and deadline to intervene in this matter, on February 17, 2016, the United States filed an indictment in the United States District Court for the Northern District of Texas against Defendants Cesario and Cooper. *U.S. v Cesario, et al.*, No. 16-CR-60 (N.D. Tex.).[3] The allegations set forth in the Indictment closely tracked the Complaint

---

[3] Little Decl., **Ex. 1**, Criminal Indictment in *U.S. v Cooper, et al.*, No. 16-CR-60 (N.D. Tex.).

here, focusing on Defendants Cesario and Cooper's creation and use of CMG Rx to pay illegal kickbacks from compounding pharmacies to marketers, doctors, and patients.[4] In addition to the civil and criminal complaints both naming CMG Rx's principals, Cooper and Cesario, as defendants, the pharmacies identified in the Indictment, paragraph 34, as paying improper renumeration to Cooper and Cesario are also named as Defendants in Picard's complaint (360 Pharmacy; FW Medical Supplies (doing business as "Dandy Pharmacy"), and Trilogy Pharmacy).[5] The following chart cross references the substantially identical allegations contained in the Indictment and Picard's Complaint:

**Table 1 – Alleged Kickback Schemes**

| **Alleged Misconduct** | **Picard's Complaint[6]** | **Indictment[7]** |
|---|---|---|
| CMG Rx's improper receipt of payments from compounding pharmacies disguised as employee wages | Paragraphs 39-47 | Paragraphs 31, 35 |
| Illegal compensation paid by CMG Rx to prescribing physicians | Paragraphs 48-50 | Paragraphs 29-30 |
| Illegal compensation paid to TRICARE beneficiaries through the sham clinical study called "Patient Safety Initiative" | Paragraphs 51-60 | Paragraphs 23-28 |

---

[4] *Id.*; see Table 1, *infra*.
[5] *Id.*
[6] Doc. 1, Relators' Original Complaint. The Amended Complaint contains the same substantive allegations but identifies Relator Picard by name in lieu of the pseudonym "J.Doe1."
[7] Little Decl., **Ex. 1**, Original Indictment in U.S. v. Cooper, et al.

On October 4, 2016, the government filed a superseding indictment.[8] Like the February 17, 2016 Indictment, the Superseding Indictment focused on CMG Rx's receipt and payment of illegal kickbacks to induce compounding pharmacy claims submitted to TRICARE.[9] The Superseding Indictment named the individual owners of the three compounding pharmacies identified in Relator's Complaint (360 Pharmacy, Trilogy Pharmacy, and FW Medical Supplies), while also confirming that these three pharmacies accounted for the vast majority of the improper claims for compounded drugs billed to TRICARE.[10]

### C.    Damages and the Government's Recoveries in the Criminal Proceeding

In the parallel criminal proceeding, Defendants Cesario and Cooper were convicted for the same fraudulent scheme set forth in Relator's Complaint. Defendant Cesario pleaded guilty Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1347, 1349) and Receipt of Illegal Kickbacks (42 U.S.C. § 1320a-7b(b)(1)). He was ordered to serve 120 months and to pay $70,417,883.64 in restitution to the United States Defense Health Agency, also known as TRICARE.[11] Defendant Cooper was convicted by jury trial of the same offenses.[12] Cooper was ordered to serve 144 months in prison and to pay $68,327,437.04 in restitution to the Defense Health Agency. *Id*. The restitution for Cooper and Cesario was based on total losses to TRICARE

---

[8] Little Decl., **Ex. 2**, Superseding Indictment in U.S. v. Cooper, et al.
[9] Little Decl., **Ex. 2**, Superseding Indictment in U.S. v. Cooper, et al.
[10] Little Decl., **Ex. 2**, Superseding Indictment in U.S. v. Cooper, et al., at ¶ 15-18. Relator's Complaint did not identify Alpha Pharmacy or allege any false claims submitted by this criminal defendant in connection with CMG Rx's scheme. *Id.* at ¶19.
[11] Little Decl., **Ex. 3**, Cesario Criminal Judgment.
[12] Little Decl., **Ex. 4**, Cooper Amended Criminal Judgment. Upheld on appeal, *United States v. Cooper*, 38 F.4th 428 (5th Cir. 2022).

and ordered to be joint and several among defendants Cooper and Cesario. The discrepancy in the restitution amounts is because Cooper was acquitted of claims related to Alpha Pharmacy as set forth in a supplemental memorandum filed by the United States in the criminal proceeding.[13] Because the Amended Complaint does not include claims related to Alpha Pharmacy, the correct measure of loss for the False Claims Act violations alleged here is $68,327,437.04 for both Cooper and Cesario.[14] Relator does not seek to add statutory per-claim penalties available under the False Claims Act, 31 U.S.C. 3729(a)(1), however, the False Claims Act does provide for damages equal to three times the amount of false claims paid by the United States, resulting in total damages of $204,982,311.12. 31 U.S.C. 3729(a)(1).[15]

## II. ISSUES PRESENTED

1. Is Relator Picard entitled to default judgment against Defendants Cesario and Cooper under Fed. R. Civ. P. 55?

---

[13] See Memorandum by the United States as to Restitution Amount for Defendant Cooper, Little Decl., **Ex. 5**; Superseding Indictment, Little Decl., **Ex. 4** at 17 (discussing Alpha Pharmacy allegations).

[14] *Id*.

[15] Relator has identified some amount of offset from criminal forfeitures recovered by the United States in the parallel criminal proceeding. (Doc. 83, Section I(C)). However, the government has suggested offset is premature and, in any case, is an affirmative defense that Defendants have not pleaded. *See United States v. Honeywell Int'l Inc*., 47 F.4th 805, 817 (D.C. Cir. 2022) (adopting a *pro tanto* approach to settlement offset in False Claims Act cases); *KWP Fin. I, Inc. v. Harlan*, 100 F.3d 953 (5th Cir. 1996) ("claims of set-off are affirmative defenses which must be raised in defendant's first responsive pleading").

2. What is the amount of default judgment to be entered under Fed. R. Civ. P. 55 and 31 U.S.C. § 3731(e)?

3. Is service upon defaulted defendants by U.S. Certified Mail to defendants' last known addresses effective upon mailing under Fed. R. Civ. P. 5 and Local Rule 5.5?

### III. AUTHORITY AND ARGUMENT

#### A. Default Judgment Legal Standard

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). Civil Rule 55, however, provides the Court with discretion to enter default judgment when a party has failed to plead or otherwise defend. Fed. R. Civ. P. 55. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) ("[A] district court has the discretion to decline to enter a default judgment.")

Where a defendant has failed to answer, the Fifth Circuit applies a three-step analysis for entry of default judgment: (1) after service, the defendant failed to plead of otherwise timely respond; (2) the Clerk entered default, which is mandatory under Fed. R. Civ. P. 55(a) upon the filing of a request and affidavit; and (3) the plaintiff has proven entitlement to a default judgment under Rule 55(b)(1) (by the Clerk) or Rule 55(b)(2) (by the Court). *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

The Fifth Circuit looks to the following six factors when considering whether to enter a default judgment: (i) if the default was caused by a good faith mistake or excusable neglect; (ii) if there has been substantial prejudice; (iii) the harshness of a default judgment; (iv) if there are material issues of fact; (v) if grounds for a default judgment are clearly established; and (vi) if the court would think itself obligated to set aside the default on the defendant's motion. *Lindsey*,

7

161 F.3d at 893. A recent North District of Texas decision involving virtually the identical issues is instructive in its application of these factors. *United States ex rel. Eastlick v. Reddy*, No. 3:19-CV-00245-E, 2023 WL 1110313, at *2 (N.D. Tex. Jan. 30, 2023).

When default judgment is joint and several as to multiple defendants, default judgment should not be entered against less than all remaining defendants if there is a risk of inconsistent judgments. *Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872). However, the Fifth Circuit has also emphasized that *Frow* does not extend to cases where the risk of inconsistent judgments is low. *Compare Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *3 (S.D. Tex. Feb. 26, 2010) *with Matter of Grabanski,* 691 F. App'x 159, 163 (5th Cir. 2017); *Escalante v. Lidge*, 34 F.4th 486, 496 (5th Cir. 2022) ("Though there may be cases in which inconsistent default judgments are unavoidable, such as where a nonresponsive defendant fails to alert the court to related actions proceeding elsewhere, *Frow* counsels strongly against accepting a rule that would encourage conflicting judgments."); *Mori Seiki USA, Inc. v. McIntyre*, No. CIV A 306-CV-2344-B, 2008 WL 577274, at *2 (N.D. Tex. Mar. 4, 2008).

      **B.**      **Liability and Damages under the False Claims Act**

The *qui tam* provisions of the False Claims Act, 31 U.S.C. §3730(b), allow a private person or "relator" to file suit on behalf of the United States for violations of 31 U.S.C. §3729(a). *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). If the Government elects not to proceed with the action, as has occurred here, "the person who initiated the action shall have the right to conduct the action." 31 U.S.C. § 3730(c)(3).

A defendant who has committed or conspired to commit fraud against a federal healthcare program, like TRICARE, is liable to the liable to the United States Government for "3 times the amount of damages which the Government sustains because of the act of that person" plus a civil penalty of not less than $5,000 and not more than $10,000" per violation. 31 U.S.C. § 3729(a)(1). In addition, "a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements . . . shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730." 31 U.S.C. § 3731(e). Where False Claims Act defendants have been specifically ordered to pay restitution to the federal agency that was defrauded in the parallel criminal proceeding, multiple courts have found the restitution amount to be dispositive of the amount of damage sustained by the government. *United States ex rel. Eastlick v. Reddy*, No. 3:19-CV-00245-E, 2023 WL 1110313, at *8 (N.D. Tex. Jan. 30, 2023) (citing *United States ex rel. Bachman v. Healthcare Liaison Pros., Inc.*, 395 F. Supp. 3d 785, 789 (N.D. Tex. 2019) (collecting cases).

      **C.**      **The United States is entitled to Default Judgments against Cooper and Cesario.**

The elements for default judgment set forth in *New York Life Ins. Co. v. Brown* are met. 84 F.3d at 141. First, Cooper and Cesario were served in accordance with Fed. R. Civ. P. 4(e). Cesario was personally served with a copy of the Summons and Amended Complaint. (Doc. 71). Fed. R. Civ. P. 4(e)(2)(A). Cooper, an inmate at Texarkana federal prison, was served by delivering the same documents to the officer designated to accept service at the prison in accordance with Fed. R. Civ. P. 4(e)(2)(B) and Texas Civ. Prac. & Rem. § 17.029 (providing

9

service on prison office designated for service of process). Furthermore, copies of the Summons and Complaint were mailed to Defendant Cooper in accordance with Texas Rule of Civil Procedure 106(a)(2). Cooper was again personally served after he had been released to home confinement on May 7, 2024 with the Summons, Complaint, Amended Complaint, Requests for Entry of Default and prior Motion for Default Judgment. (Doc. 87). The Court of Clerk entered default against Defendant Cesario on April 5, 2024. (Doc. 81). The Court of Clerk entered default against Defendant Cooper on May 31, 2024. (Doc. 88).

Relator is entitled to a Court's order of default judgment based on the six-part test articulated by *Lindsey*, 161 F.3d at 893. First, both Defendants have received actual notice of this action. Cooper sent a letter to the Court and counsel, requesting an additional copy of the Complaint, which Relator's counsel immediately sent. Cesario sent an email communication to Relator's counsel, confirming his receipt of the Summons and Complaint. Cooper has called and sent an email to Relator's counsel in addition to another letter he sent to the court in response to the entry of default, which did not raise any grounds for setting aside default or excusing his failure to answer. (Doc. 89). Second, there is no substantial prejudice because Defendants are liable as a matter of law based on the *res judicata* provision of the False Claims Act, 31 U.S.C. § 3731(e). Indeed, the concerns of inconsistent judgments expressed in *Frow v. De La Vega*, are not present here because defendants' liability and damages to the government have already been determined by final judgment and the preclusive effect required by 31 U.S.C. § 3731(e). Third, Relator seeks "only the relief the law provides, which 'mitigat[es] the harshness of a default judgment.'" *Reddy*, No. 3:19-CV-00245-E, 2023 WL 1110313, at *4 (internal citation omitted). Next, there are no issues of material fact and the grounds for judgment are clearly established, as

the criminal judgments are dispositive as liability and damages. *Id.* Last, there is no basis of which the undersigned is aware that would obligate the Court to set aside default upon the Defendants' motion.

> **D.     The Court should allow service by U.S. Mail and electronic mail to Defendants' last known addresses.**

The Court has pointed to LR 5.5 for the proposition that a motion for default judgment cannot be granted without proof of delivery of the motion on the defaulted defendants. LR 5.5 provides that "Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)." However, the Court should interpret LR 5.5. in a manner consistent with Fed. R. Civ. P. 5. First, Fed. R. Civ. P. 5(a)(2) explicitly states that "[n]o service is required on a party who is in default for failing to appear" unless a pleading asserts a new claim for relief. Second, Fed. R. Civ. P. 5(b)(2)(C) states that service may be made by "mailing it to the person's last known address—in which event service is complete upon mailing." Here, Defendant Cesario was personally served at his last known address and has provided Relator's counsel with an email. (Doc. 75, 80). Defendant Cooper provided Relator's counsel with an email address and has recently provided the Court with his current mail address, where he continues to serve home confinement. (Doc. 89, 90). The Court should interpret LR 5.5 in a manner consistent with Fed. R. Civ. P. 5 and find that service of Relator's Second Motion Default Judgment Against Defendants Cesario and Cooper is "complete upon mailing" and emailing of the Motion and supporting documents to the Defendants' last know addresses. Fed. R. Civ. P. 5(b)(2)(C).

## IV.   CONCLUSION

For these reasons, Relator on behalf of the United States, requests an order of directing the Clerk to enter the default of Defendants Cesario and Cooper and to enter default judgment for the United States in the amount of $204,982,311.12 against Defendants Cesario and Cooper, jointly and severally.

Respectfully submitted this 12th day of November 2024.


BERGMAN OSLUND UDO LITTLE PLLC

By   */s/ Brendan E. Little*
　　　Brendan E. Little (admitted *pro hac vice*)
　　　520 Pike Street, Suite 1125
　　　Seattle, WA 98101
　　　Phone: (206) 957-9510
　　　Email:  brendan@bergmanlegal.com
　　　　　　　service@bergmanlegal.com


　　　Mitch Kreindler
　　　Kreindler & Associates
　　　712 Main St, Ste. 800
　　　Houston, Texas 77002
　　　Phone: 713.647.8888
　　　Email: mkreindler@ blowthewhistle.com

　　　Counsel for Relator

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he caused to be served upon the United States a true and correct copy of the foregoing document, all exhibits, and the proposed order this same date by filing it with the Court's Electronic Case Filing (ECF) system, with a courtesy copy by email. The undersigned further certifies under penalty of perjury that he caused to be served the foregoing document, all exhibits, and the proposed order by email and by mailing, Certified U.S. Mail, Return Receipt Requested, to the following recipients:

Richard R. Cesario
2625 Empire Dr., Apt. 3116
Richardson, TX 75080
rcesario71@gmail.com

John Paul Cooper
3648 Rubin Rd.
Jacksonville, FL 32257
johnpaulcooper92@gmail.com

Dated this 12th day of November 2024.

/s/Brendan Little
Brendan E. Little
Counsel for Relator